OWEN MAGUIRE *vs.* ZENAS W. STURTEVANT.

Plymouth. Oct. 20. — 26, 1885. FIELD & C. ALLEN, JJ., absent.

A deed described the west line of the land conveyed as starting at a fixed point, where it was agreed that there were a stake and stones, and thence running "north forty-two degrees west, forty-four rods, to the fence at the highway;" and covenanted that the land was free from all incumbrances, "except a right, which is reserved, to draw water at the well on the west line of said land." The description in the deed left the well about eleven feet from the west line. *Held,* that the well was not a monument fixing the west line of the land conveyed.

TORT for breaking and entering the plaintiff's close in East Bridgewater. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the plaintiff owned on the east side of the line which was in controversy between the parties, and the defendant on the west; and the question in the case was as to the exact location of the west line of the plaintiff's premises.

It was agreed by the parties, at the trial, that the south end of said west line of the plaintiff's premises was at a stake and stones in the line of land of one Samuel A. Orr, and the precise location of the stake and stones was also agreed. It was also agreed that there was a well upon the premises, about twenty feet southerly from the highway. The plaintiff put in evidence a deed to him from Aaron Hobart, describing the land conveyed as follows: " Begin at the road, at the westerly corner of Maguire's homestead; thence south forty-three and one half degrees east, twenty-six rods, sixteen links; thence south seven and one fourth degrees east, twenty-two rods, three links; thence north about eighty-three and one half degrees west, five rods in line of land

of Dr. Samuel A. Orr; thence north forty-two degrees west, forty-four rods, to the fence at the highway; thence easterly by the road to the point of beginning, being in a straight line sixteen rods and five links;" and covenanting that the premises were free from all incumbrances, "except a right, which is reserved, to draw water at the well on the west line of said land."

Upon this evidence, the defendant asked the judge to rule that, by a legal construction of said deed, the west line of the plaintiff's premises, beginning at the stake and stones agreed, must extend through the centre of the well referred to in the deed; and that the plaintiff, by his deed, was estopped from claiming any land west of a line running northerly from said stake and stones, through the centre of said well, to the highway, and could not be permitted to show by any evidence any line extending any farther westerly than the centre of the well.

The judge refused so to rule, and admitted evidence tending to show the location of the west line of the plaintiff's lot as shown by the course and distance, north forty-two degrees west, forty-four rods, and the other descriptive part of said deed. The line so shown ran about eleven feet westerly of the centre of the well.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. Kingman*, for the defendant.

*R. O. Harris*, (*B. W. Harris* with him,) for the plaintiff.

BY THE COURT. Looking at all the parts of the deed from Hobart to the plaintiff, it is clear that it was not the intention of the parties that the well should be a monument fixing the west line of the lot conveyed. It is not mentioned in the description in the granting part of the deed. The west line starts at a fixed point, where the parties agree there were a stake and stones, and thence runs "north forty-two degrees west, forty-four rods, to the fence at the highway." The description leaves the well on the plaintiff's lot, about eleven feet from the line.

The clause in the latter part of the deed, "except a right, which is reserved, to draw water at the well on the west line of said land," was not intended to make the well a monument; it was inserted, *alio intuitu*, for the purpose of creating in the grantor an easement in the plaintiff's land. If the well were

a monument, the line would run through its centre, each party would have an equal right to use it, and there would be no occasion for the grantor to reserve a right to draw water from it. In order to carry into effect the intention of the parties, the expression " on the west line of said land " must be interpreted as meaning near the west line, or on the west part of said land.

*Exceptions overruled.*